13-3647-cv
*Allen v. Schiff*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fourteen.

PRESENT: PIERRE N. LEVAL,
DENNY CHIN,
SUSAN L. CARNEY,
      *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LILLIAN ALLEN,

      *Plaintiff-Appellant*,

v.

                                   13-3647-cv

MICHAEL SCHIFF, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SULLIVAN COUNTY SHERIFF, SULLIVAN COUNTY, A MUNICIPAL ENTITY,

      *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:
COLLEEN M. MEENAN, Meenan &
Associates, LLC, New York, New York.

FOR DEFENDANTS-APPELLEES:
CHERYL A. McCAUSLAND, Office of the
County Attorney County of Sullivan,
Monticello, New York.

Appeal from the United States District Court for the Southern District of New York

(Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Lillian Allen appeals from the district court's judgment

entered August 29, 2013, in favor of defendants-appellees the County of Sullivan and its

Sheriff, Michael Schiff.  By memorandum decision entered December 7, 2012, the

district court granted defendants' summary judgment motion in part, dismissing certain

claims but permitting Allen to proceed with, *inter alia*, her Fourth Amendment claim.

Thereafter, Allen moved for reconsideration, arguing that the district court should have

granted summary judgment in her favor on the Fourth Amendment claim.  By

memorandum decision entered January 15, 2013, the district court denied Allen's

motion for reconsideration.  Finally, the district court conducted a bench trial with

respect to Allen's remaining claim under the Fourth Amendment, and it rendered

findings of fact and conclusions of law from the bench on August 29, 2013, holding the defendants not liable.

On appeal, Allen argues that the district court erred as a matter of law in failing to find that her employer's drug testing procedure violated the Fourth Amendment. Specifically, she contends that the district court erred in holding that, for purposes of the Fourth Amendment, she had a "substantially diminished" expectation of privacy, the intrusiveness of the search was "mitigated," and the government had a compelling interest sufficient to justify the observed drug test to which she was subjected. App. 11, 23-25. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

Allen was a corrections officer employed by the County at the Sullivan County Jail. She was responsible for interdicting contraband, including illegal drugs, and at times she was required to carry a firearm. On June 26, 2007, the County administered a random urine drug test, and she tested positive. She subsequently admitted to smoking marijuana the day before the drug test and on other occasions. With the assistance of her union, Allen grieved the matter. After grievance proceedings, an arbitration, and state court litigation, the County terminated her employment.

With respect to the reasonableness of the drug test conducted on June 26, 2007, the district court concluded, in its findings of fact and conclusions of law, that: (1) Allen had a "substantially diminished expectation of privacy" because of her responsibilities as a corrections officer and because she was on notice, pursuant to the terms of the applicable collective bargaining agreement, that she was subject to random drug tests; (2) the drug test "was intrusive but not inappropriately so"; and (3) the County "had a compelling interest in effecting the search as it was carried out in this case." App. 184-86, 188.

When "special needs" other than crime detection or ordinary evidence-gathering are alleged in justification of a Fourth Amendment intrusion, courts assess the constitutionality of the challenged conduct by weighing the government conduct in light of the special need and against the privacy interest advanced. *Cassidy v. Chertoff*, 471 F.3d 67, 75 (2d Cir. 2006); *see also Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652-53 (1995). The analysis requires an examination of three factors: "(1) the nature of the privacy interest involved; (2) the character and degree of the governmental intrusion; and (3) the nature and immediacy of the government's needs, and the efficacy of its policy in addressing those needs." *Cassidy*, 471 F.3d at 75. We review a district court's factual findings for clear error "but we review *de novo* a district court's application of the facts to draw conclusions of law." *United States v. Aumais*, 656 F.3d 147, 154 (2d Cir. 2011) (internal quotation marks omitted).

Allen's privacy interests were indeed "substantially diminished" because she was tasked with interdicting drugs and carrying firearms and was on notice that she could be tested at any time. *See, e.g.*, *Vernonia*, 515 U.S. at 657 (finding that student-athletes who were provided with communal locker rooms and voluntarily participated in school sports had a diminished expectation of privacy); *Nat'l Treasury Emps. Union v. Von Raab*, 489 U.S. 656, 672 (1989) (holding that U.S. Customs Service agents required to interdict drugs and carry firearms had a diminished expectation of privacy). The test collector, in obtaining Allen's urine sample, "took substantial measures to minimize the intrusion of privacy" by conducting the test at a secluded location, closing all adjacent doors, blocking the windows, leaving the bathroom door open only 6-12 inches, standing outside the bathroom stall, and focusing her attention on Allen's hand and cup to avoid viewing her genitalia. Finally, the government had a compelling interest "in insuring that correction officers charged with interdicting drugs and carrying firearms were not using drugs," and in insuring the drug test's accuracy by observing the test collection. Sp. App. 190-91. In balancing the "plaintiff's substantially reduced expectation of privacy, the test's mitigated intrusion upon plaintiff's expectation of privacy, and the government's compelling interest in conducting the test and insuring [its] integrity," the district court properly found that the special needs of employing drug-free correctional officers was reasonable under the Fourth Amendment. Sp. App. 190-91.

Finally, Allen contends we should overturn the post-trial judgment in the defendants' favor on the ground that the district court ought to have entered summary judgment in her favor because it was "undisputed" on the summary judgment record that the test collector had "direct observation" of her when she gave the urine sample. Absent extraordinary circumstances, which are not present here, a court of appeals will not revisit the propriety of a denial of summary judgment after a full trial on the merits. *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 130 (2d Cir. 1999). "Once trial began, the summary judgment motion [ ] effectively became moot." *Id.* (internal quotation marks omitted). Because the evidence at trial sustained the trial court's findings, we will not revisit the question whether the trial court ought to have found otherwise at the summary judgment stage.

We have considered Allen's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk